■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOCIC SLOBODAN, Appellant.—Judgment, Supreme Court, New York County, rendered January 27, 1977, convicting defendant, after jury trial, of robbery in the first degree, robbery in the second degree, and grand larceny in the second degree, and sentencing him thereon to terms of imprisonment, respectively, of 8⅓ to 25, 5 to 15 and 2⅓ to 7 years to run concurrently, is unanimously modified, as a matter of discretion in the interest of justice, so as to reduce the sentences on the robbery counts to terms of imprisonment with a maximum of 10 years and that no minimum be fixed by the court, and to strike the provision for a minimum period of imprisonment from the sentence on the count of grand larceny in the second degree, and the judgment is otherwise affirmed. The three other participants in this crime pleaded guilty to lesser charges and received sentences of five years' probation, and imprisonment not to exceed three years (for the accomplice who cut the victim). We recognize that there is nothing improper about the fact that participants in a crime who plead guilty to lesser offenses may receive substantially more lenient sentences than those who go to trial and are convicted of more serious offenses. But in the present case the disparity is so great as to raise serious questions as to whether appellant is not being penalized for going to trial, even allowing for possible differences among the participants with respect to previous conflicts with the law. Considered independently of the sentences imposed on his accomplices, the sentences imposed on appellant—in each case the maximum permitted by statute—appear excessive in the light of his participation in the crime and previous history and the nature and circumstances of the crime. Appellant deserves appropriately severe but not grossly disparate punishment. We have considered the other points raised on the appeal and do not think they warrant reversal. Concur—Lupiano, J. P., Silverman, Fein, Sandler and Sullivan, JJ.