■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER P. ADAMS, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 20, 1986, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant was indicted on September 13, 1985 in a seven-count indictment arising out of the burglary of the Albany Dodge auto dealership in the City of Albany and the death of Cyril Marshall, the night watchman at Albany Dodge. Specifically, defendant was charged with murder in the second degree, two counts of felony murder, robbery in the first degree, burglary in the second degree, grand larceny in the second degree and petit larceny. Anthony Harper was also charged in a separate indictment stemming from the same incident. During a suppression hearing, defendant requested and was allowed to enter a negotiated plea of guilty to felony murder in satisfaction of the entire indictment. Defendant's guilty plea also satisfied an unrelated pending burglary charge to which he had confessed but for which he had not been indicted. As part of the plea bargain, defendant was to testify against Harper at Harper's trial and defendant was to receive a prison sentence of 20 years to life. After the plea was taken and before sentencing, defendant twice refused to testify against Harper. On one such occasion, defendant stated to County Court that he wanted to change his plea and go to trial. County Court denied defendant's request to withdraw his plea. Later, at sentencing, the court imposed a prison sentence of 20 years to life in accord with the plea bargain.

On this appeal, defendant initially claims that the guilty plea was defective since defendant's oral statement to the Albany police indicated that he did not participate in the homicidal act and, therefore, under Penal Law § 125.25 (3) (a), he established an affirmative defense to the felony murder

charge. Defendant argues that County Court should have inquired further into defendant's understanding of the affirmative defense before accepting his plea.

Defendant's argument must fail. Defendant admitted in his oral statement to the police that he knew that Harper intended to "knock out" the night watchman on duty at Albany Dodge. He therefore could not take advantage of this affirmative defense since, in order to establish the affirmative defense, defendant had to show that he "[h]ad no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury" (Penal Law § 125.25 [3] [d]).

Defendant also claims that County Court improperly denied his request to withdraw his plea and improperly failed to conduct a *sua sponte* inquiry at sentencing. There is no merit to these contentions. Defendant indicated that the only reason he wished to withdraw his plea was because he no longer wanted to testify against Harper. However, he did not show that the plea was not knowingly and freely entered into. In fact, the record indicates that the plea was voluntarily and knowingly made after a full inquiry by County Court in the presence of and with the assistance of competent defense counsel. Thus, County Court did not abuse its discretion in denying defendant's request to withdraw his plea. There was no need to repeat the process at sentencing and defendant offered no other reason for withdrawal of his plea.

Defendant has also failed to show that the sentence imposed was excessive or that extraordinary circumstances exist warranting a reduction of the negotiated sentence in the exercise of this court's discretion. Defendant could have received a prison sentence of 25 years to life for the crime of felony murder.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.