■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JACKSON, Appellant. [618 NYS2d 57] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered March 27, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is incumbent upon a defendant who seeks to avail himself of the "non-slayer" affirmative defense contained in Penal Law § 125.25 (3), "by way of mitigation, to demonstrate that his culpability is relatively minor and that he should not be held answerable to a felony murder charge. * * * [I]t is his

burden to persuade the jury that he had 'nothing to do with the killing itself * * * was unarmed and had no idea that any of his confederates was armed or intended to engage in any conduct dangerous to life' " *(People v Bornholdt,* 33 NY2d 75, 86, *cert denied sub nom. Victory v New York,* 416 US 905). While a defendant may, in attempting to establish an affirmative defense, rely upon the prosecution's evidence *(see, People v Johnson,* 169 AD2d 498, 500), "the components of the statutory defense * * * are peculiarly within the knowledge of the defendant, and are matters upon which he may be fairly required to adduce supporting evidence" *(People v Bornholdt, supra,* at 84-85). The defendant failed to present any such evidence, relying instead on what he perceived to be deficiencies in the People's case, namely, the eyewitnesses' inability to state that either the defendant or his accomplice was in possession of a gun or fired the fatal shot, as well as his disavowal, in his second statement, of any violent intent. In light of the defendant's admission that he and his accomplice had decided to engage in a street confrontation with a grown man close to midnight, for the purpose of stealing the man's money, the jury reasonably could have inferred that the two were willing to use whatever force was necessary to accomplish their purpose, and that the defendant, even if he was not armed, knew or had reason to know that his accomplice was armed *(see, People v Brailsford,* 106 AD2d 648). Moreover, that the defendant's first statement, wherein he denied any involvement in the crime, differed materially from the second statement, in which he admitted planning and participating in the robbery, provided a basis for the jury's rejection of the "exculpatory" statement on which the defendant relies.

We further find no merit to the defendant's claim that the court's imposition of the maximum sentence, which he claims is excessive, is the result of defense counsel's ineffectiveness at the sentencing hearing, as well as the trial court's consideration of inappropriate matters. Counsel's candid presentation of his argument for imposition of the minimum sentence cannot be termed ineffective. Moreover, the sentencing court made it clear that it considered, appropriately, not only who the victim was, and the impact of his death, but also, the defendant's probation report, his criminal history, his recidivism, the nature of the crime, and his lack of remorse *(see,* CPL 390.30 [3] [b]; *People v Balacky,* 203 AD2d 471; *People v Suitte,* 90 AD2d 80). In view of these factors, we perceive of no basis for reduction of the defendant's sentence.

We have examined the defendant's remaining contentions,

including those raised in his supplemental *pro se* brief, and conclude that they are either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.