■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWN, Appellant. [647 NYS2d 19] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered May 19, 1994, convicting him of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of robbery in the second degree to robbery in the third degree, and vacating the sentence imposed thereon and vacating the sentence imposed for his conviction of grand larceny in the fourth degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on the defendant's convictions of robbery in the third degree and grand larceny in the fourth degree.

The defendant and two unapprehended accomplices robbed the victim using a toy gun. The victim testified "it looked to me like a toy gun, the kind you play with when you are [playing] cowboy and Indians * * * The barrel looked too thin for it to be real. It looked lightweight", and that he submitted to the defendant's demands, even though he believed the gun was "probably a toy", because he was outnumbered. In order to establish robbery in the second degree, the People must satisfy a two-tiered test, "(1) 'defendant must consciously display something that could reasonably be perceived as a firearm with the intent of compelling an owner of property to deliver it up' and (2) 'it must appear to the victim by sight, touch or sound that he is threatened by a firearm'. When both of these requirements are satisfied, 'the true nature of the object displayed is, as concerns criminality, irrelevant' " *(People v Bynum,* 125 AD2d 207, 209, *affd* 70 NY2d 858). Since this victim never believed that he was being threatened by a firearm, the evidence was legally insufficient to establish robbery in the second degree. However, we find that the evidence was legally

sufficient to establish robbery in the third degree, and thus, we reduce the defendant's conviction and remit the matter for resentencing on this count.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on the convictions for grand larceny in the fourth degree and criminal possession of a weapon in the fourth degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on these two counts was not against the weight of the evidence (see, CPL 470.15 [5]).

As a result of our determination reducing the defendant's conviction of robbery in the second degree to robbery in the third degree, the sentence of two years to life for grand larceny in the fourth degree must also be vacated since it is no longer mandated by the Penal Law (see, Penal Law § 70.02 [1]; §§ 70.08, 70.10 [2]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.