■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMUNDO MEJIA, Appellant. [747 NYS2d 788]

The defendant contends that the People failed to prove his guilt of first and second degree robbery beyond a reasonable doubt because "there was no persuasive evidence that [he] intended" to commit a forcible theft. We disagree.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt under an accomplice theory of liability beyond a reasonable doubt (*see* Penal Law §§ 20.00, 160.10 [1]; § 160.15 [3]). Intent can be established from an act itself or from the conduct of an accessory and the surrounding circumstances (*see People v Bracey,* 41 NY2d 296; *People v McDonald,* 257 AD2d 695, 696; *People v Coulter,* 240 AD2d 756). The defendant was present, observed the robbery in progress, and assisted his cohort in completing the robbery. Therefore, he is liable as an accomplice (*see People v Robinson,* 60 NY2d 982, 984; *People v Tucker,* 130 AD2d 605). Moreover, the weight to be accorded the evidence presented and the resolution of credibility issues are primarily questions to be determined by the trier of fact which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Considering the totality of the circumstances existing at the time of the representation, the defendant was not denied the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 713; *People v Baldi,* 54 NY2d 137, 147; *People v Fernandez,* 248 AD2d 801, 802).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.