■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY THOMAS, Appellant. [748 NYS2d 21] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered March 10, 1999, convicting defendant, after a jury trial, of murder in the second degree and two counts of robbery in the first degree, and sentencing him to an aggregate term of 22 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations. The jury properly rejected defendant's affirmative defense to

felony murder since defendant's claims that he had no reasonable ground to believe that his accomplice would be armed with a deadly weapon, and to believe that she intended to engage in conduct likely to result in death (Penal Law § 125.25 [3] [c], [d]), were not credible.

The record establishes that defendant abandoned his request for a *Darden* hearing (*People v Darden*, 34 NY2d 177) when he learned that the informant in question was not a confidential informant, but a witness who would be testifying at trial, thus obviating the need for such a hearing (*see People v Graves*, 85 NY2d 1024, 1027). In any event, defendant was not prejudiced by the absence of a *Darden* hearing.

Defendant's suppression motion was properly denied. Probable cause was clearly established by evidence that the police investigation thoroughly corroborated and established the veracity of the informant's statement that defendant had admitted his involvement in the murder (*see People v DiFalco*, 80 NY2d 693). Furthermore, there was nothing suggestive or unfair about the lineup (*see People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833), and the issue of identity was conceded at trial in any event.

The court properly denied defendant's application for a mistrial based on remarks made by a discharged juror. The record supports the court's determination, made after colloquies with each juror, that the remaining jurors had not been rendered grossly unqualified to serve (*see People v Buford*, 69 NY2d 290). Defendant's various challenges to the adequacy of the court's inquiries are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

Defendant's various challenges to comments made by the court and prosecutor during jury selection, and to the prosecutor's summation and the court's charge, all require preservation (*see People v Thomas*, 50 NY2d 467), and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would find no basis for reversal. We note specifically that it was appropriate for the court to briefly discuss the concept of accessorial liability for felony murder in connection with the prospective jurors' ability to follow the court's instructions (*see* CPL 270.15 [1] [b]), and that it would have been premature, and potentially prejudicial to defendant, to mention the affirmative defense to felony murder before defendant announced his intention to pursue that defense (*cf. People v DeGina*, 72 NY2d 768). Concur—Williams, P.J., Nardelli, Mazzarelli, Marlow and Gonzalez, JJ.