■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL WITHERSPOON, Appellant. [753 NYS2d 88] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered January 3, 2001, convicting him of attempted robbery in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10, 18-22; *People v Elmore,* 269 AD2d 404). In any event, the evidence established that the defendant and his accomplice simultaneously converged upon the complainant. While the accomplice held a gun to the complainant's head and demanded his property, the defendant stood close by. When the complainant fled, the defendant and his accomplice were observed by police chasing him as the accomplice held a gun to the complainant's back. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt under an accomplice theory of liability beyond a reasonable doubt (*see* Penal Law §§ 20.00, 110.00, 160.05, 265.01 [1]; *People v Bracey,* 41 NY2d 296; *People v Mejia,* 297 AD2d 755; *People v Brown,* 230 AD2d 919; *cf. People v Ortiz,* 107 AD2d 824).

Contrary to the defendant's contention, the jury must have based its verdict upon an acting-in-concert theory, because it found the defendant guilty of criminal possession of a weapon in the fourth degree although the trial evidence established that he never possessed the handgun. Accordingly, the defendant's contention that there was insufficient evidence to establish a threatened use of force under an accomplice theory of liability is without merit (*cf. People v Yarrell,* 75 NY2d 828, *revg for reasons stated in dissent* at 146 AD2d 819).

We decline the defendant's invitation to speculate as to the manner in which the jury reached its verdict. The weight to be accorded the evidence presented and the resolution of credibility issues are questions primarily to be determined by the trier of fact which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review (*see People v Proctor,* 79 NY2d 992; *People v Lynch,* 288 AD2d 325), and in any event, is without merit. Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.