OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Police officers on patrol received several radio transmissions advising them that shots had recently been fired in two specific locations. The reports indicated that a black male named Bobby Shabazz, driving a gray 1987 Chevy Astro van with an identified license plate number, was involved in the shootings. The officers observed a vehicle matching the radioed description and confirmed the license plate number. They stopped the van and directed defendant, seated in the driver seat, to exit the vehicle. As the police removed defendant from the van, he asked, “Who did I kill?” A search of the vehicle yielded a gun in the back seat.
 

 Defendant was charged with two counts of criminal possession of a weapon in the third degree and other charges. He moved to suppress the gun and statements he made to the police. A suppression hearing was held and the court ruled that the gun and statements were admissible. After a jury trial, defendant was convicted of the weapon possession offenses.
 

 On appeal to the Appellate Division, defendant argued for the first time that the radio transmissions were insufficient to
 
 *636
 
 justify the motor vehicle stop or his subsequent arrest because the People did not establish that the information conveyed in the transmissions was reliable. The Court held that the People were entitled to rely on the presumption that police radio calls are reliable in light of defendant’s failure to raise the issue in the suppression court. The Appellate Division further concluded that suppression was not warranted because defendant’s arrest was supported by probable cause and the search was therefore lawful
 
 (see People v Belton,
 
 55 NY2d 49 [1982]).
 

 The legality of a motor vehicle stop and search presents a mixed question of law and fact that may not be disturbed in this Court unless the finding of the Appellate Division lacks any record basis. Here, there is record support for the denial of the suppression application. The officers’ testimony concerning the substance of the information conveyed over the radio was sufficient to support the conclusion that the stop was lawful
 
 (see People v Dodt,
 
 61 NY2d 408 [1984]). Defendant never challenged the reliability of this information at the suppression hearing. Hence, the burden never shifted to the People to come forward with proof establishing the reliability of that information
 
 (see People v Jenkins,
 
 47 NY2d 722 [1979]) and defendant’s argument that the proof was deficient in this respect is unpreserved for review in this Court
 
 (see People v Martin,
 
 50 NY2d 1029, 1031 [1980]). Defendant’s additional contention that the search was illegal because the police failed to verify defendant’s identity before placing him under arrest is also unpreserved. We therefore conclude that there is no basis to disturb the Appellate Division’s determination that defendant’s arrest was supported by probable cause.
 

 Defendant’s contention that his sentence is unduly harsh and excessive is not reviewable in this Court. His remaining arguments, including those in his pro se supplemental submissions, are not preserved.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt, Graffeo and Read concur.
 

 Order affirmed in a memorandum.