■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSA OCASIO, Appellant. [786 NYS2d 543]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered July 14, 2003, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of March 30, 2002, the defendant was working as a prostitute when she was approached by a male friend who suggested that she lure a customer into a nearby building where the friend would rob him. The friend promised to share the proceeds with the defendant and she agreed to the plan. She subsequently led a customer into the building where her friend shot and killed him.

The defendant remained at the scene and spoke to the police, first as a witness and later as a suspect who was advised of her *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]). The defendant was indicted for felony murder and attempted robbery in the first and second degrees. At trial, she raised the statutory affirmative defense to the felony murder charge which requires a defendant to establish, inter alia, that he or she "[h]ad no reasonable ground to believe that [the] other participant [in the crime] intended to engage in conduct likely to result in death or serious physical injury" (Penal Law § 125.25 [3] [d]). The jury was instructed on the affirmative defense, but rejected it and convicted the defendant of felony murder. On appeal, the defendant contends that her conviction must be re-

versed because, notwithstanding the jury verdict, she established the affirmative defense as a matter of law. We affirm.

The defendant's contention that she established the affirmative defense to felony murder as a matter of law is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10 [1995]; *People v Adams,* 281 AD2d 486 [2001]). In any event, the contention is without merit.

The jury was justified in rejecting the affirmative defense, as the defendant's statements changed over time, making them less credible (*see People v Thomas,* 298 AD2d 187 [2002]) and because she told the police that she believed her friend "was going to hit [the victim] with a bottle or something" (*see People v Jackson,* 208 AD2d 862 [1994]; *People v Adams,* 135 AD2d 914 [1987]). Florio, J.P., Krausman, Fisher and Lifson, JJ., concur.