[863 NE2d 588, 831 NYS2d 367]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TER-
RIEN WILLIAMS, Appellant.

Argued January 4, 2007; decided February 15, 2007

## APPEARANCES OF COUNSEL

*Legal Aid Bureau of Buffalo, Inc.*, Buffalo (*Karen C. Russo-McLaughlin, David C. Schopp* and *Barbara J. Davies* of counsel), for appellant.

*Frank J. Clark, District Attorney*, Buffalo (*Susan C. Ministero* and *J. Michael Marion* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant was charged in a five-count indictment with intentional murder in the second degree, felony murder, two counts of robbery in the second degree and criminal possession of a weapon in the third degree. The charges arose from an incident that took place on the night of August 31, 2001, when three assailants broke into the residence of Joy and Michael Johnson. In the course of the robbery one of the assailants shot Michael Johnson in the chest with a shotgun, and he died at the hospital a few hours later. At the station Joy Johnson told police that during the robbery, she looked up to see a man wearing a red bandana standing over her husband's body with a shotgun still billowing smoke, and that she thought she could identify him if she saw him "up close." Later that same day, Johnson saw defendant on a street corner, contacted police and identified defendant as the man holding the shotgun. She then picked him out of a photo array and, weeks later, out of two lineups.

 After a jury trial, defendant was convicted on all counts except intentional murder. He now claims that he was denied a fair trial due to the prosecutor's denigration of witnesses, disparagement of defendant's alibi and misrepresentations to the jurors. Defendant, however, failed to preserve his objection to the vast majority of these alleged instances of prosecutorial misconduct. Objections defense counsel did make were largely sustained by the court, with no request for further relief or for a mistrial; the court several times on its own advised the jury that lawyers' remarks were "not evidence." We agree with the Appellate Division that defendant was not deprived of due process or a fair trial. We similarly reject defendant's alternative claim that he was denied effective assistance of counsel. Defense

counsel registered numerous objections throughout the trial, conducted rigorous cross-examination, and, among other things, moved for both a mistrial and a new trial, albeit on grounds not relevant here. As the record reflects zealous if not consistent advocacy, this contention is without merit.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ and SMITH concur; Judges PIGOTT and JONES taking no part.

Order affirmed in a memorandum.