■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO GONZALES, Appellant. [852 NYS2d 333]—

Appeal by the defendant from a judgment of the Supreme Court Kings County (Chambers, J.), rendered June 1, 2006, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 17, 1999 the defendant and his cousin entered an elderly woman's apartment, intending to steal her television. During the burglary, the woman, who was home, was smothered to death with a pillow. The defendant was later apprehended, and charged with felony murder.

At trial, evidence was introduced that the defendant told a detective that when he discovered that the victim was home, he fled her apartment. Thus, the defendant, who maintained, among other things, that he did not commit the homicidal act, raised the affirmative defense to felony murder, which was charged to the jury, and which requires a defendant to prove, inter alia, that he or she did not commit the homicidal act (*see* Penal Law § 125.25 [3] [a]; *see also* Penal Law § 25.00 [2]).

Contrary to the defendant's contention, the jury was justified in rejecting the affirmative defense. The defendant's statements changed over time, making his exculpatory statement less credible (*see People v Ocasio,* 12 AD3d 621, 622 [2004]; *People v Jackson,* 208 AD2d 862, 863 [1994]). Furthermore, evidence was introduced that the defendant admitted to his aunt that in order to prevent the victim from screaming, he and his cousin held a pillow over her face until she stopped breathing.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.