THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDA ROKER, Appellant. [859 NYS2d 687]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 8, 2006, convicting her of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 25, 2005 the defendant and two accomplices formulated a plan to steal stereo equipment from the decedent's apartment, to which the defendant had access. That evening the defendant, who was inside the apartment, unlocked the apartment door, as planned. Her accomplices, believing that the decedent was asleep in his bedroom, then entered the apartment. However, the decedent, who was awake, came out of his bedroom and began struggling with the defendant's accomplices. The decedent was asphyxiated and killed during that struggle.

At trial, the defendant, who testified on her own behalf, raised the affirmative defense to felony murder (*see* Penal Law § 125.25 [3]). The affirmative defense, about which the jury was instructed, requires a defendant to establish, inter alia, that he or she "[h]ad no reasonable ground to believe that any other participant [in the underlying crime] intended to engage in conduct likely to result in death or serious physical injury" (Penal Law § 125.25 [3] [d]; *see also* Penal Law § 25.00 [2]). Contrary to the defendant's contention, the jury was justified in rejecting the affirmative defense, since, inter alia, her exculpatory statements changed over time, making them less credible (*see People v Gonzales,* 48 AD3d 698 [2008]; *People v Ocasio,* 12 AD3d 621, 622 [2004]; *People v Jackson,* 208 AD2d 862, 863 [1994]). Furthermore, on cross-examination, she acknowledged that she was aware that her accomplices might harm the decedent during the robbery (*see People v Ocasio,* 12 AD3d at 622; *cf. People v Adams,* 135 AD2d 914, 915 [1987]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur.