■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICO ROBERTS, Appellant. [882 NYS2d 695]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered October 11, 2007, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to sustain his conviction is unpreserved for appellate review (*see People v Hawkins,* 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant acted in concert with, and intentionally aided, his companion, to commit the charged act of attempted robbery in the first degree (*see People v Mathis,* 60 AD3d 697 [2009]; *People v Witherspoon,* 300 AD2d 605 [2002]; *People v Mejia,* 297 AD2d 755 [2002]; *People v Ramos,* 284 AD2d 136 [2001]; *People v Davis,* 260 AD2d 726, 729 [1999]), and to establish the defendant's guilt of felony murder based on the commission of that predicate crime (*see People v Miller,* 60 AD3d 785 [2009]; *People v Booker,* 49 AD3d 658, 659 [2008]; *People v Bailey,* 298 AD2d 524 [2002]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Further, the defendant failed to meet his burden of establishing the affirmative defense to felony murder (*see* Penal Law § 125.25 [3]). The evidence adduced at trial demonstrated that the defendant held the victim while he and his cohort demanded money, and after his cohort shot the victim, both the defendant and his cohort rifled through the victim's pockets (*see People v Williams,* 56 AD3d 699 [2008]; *People v Roker,* 52 AD3d 538 [2008]; *People v Gonzales,* 48 AD3d 698 [2008]; *People v Jackson,* 208 AD2d 862 [1994]; *People v Simmons,* 143 AD2d 857 [1988];

*People v Brailsford,* 106 AD2d 648 [1984]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.