THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARMARKE SHIRE, Appellant. [908 NYS2d 305]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered March 18, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminally using drug paraphernalia in the second degree under count three of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and criminally using drug paraphernalia in the second degree (§ 220.50 [1], [2]). Defendant failed to preserve for our review his contention that the admission of testimony of a police detective on two occasions that defendant possessed the cocaine with the intent to sell it invaded the province of the jury. With respect to the first occasion, defendant objected to the testimony on a different ground from that raised herein (*see People v Huebert*, 30 AD3d 1018 [2006], *lv denied* 7 NY3d 813 [2006]; *see generally People v Dawson*, 50 NY2d 311, 324 [1980]) and, with respect to the second occasion, defendant made only a general objection to the testimony. "A party's failure to specify the basis for [his or her] general objection renders [the] argument unpreserved for [our] review" (*People v Everson*, 100 NY2d 609, 610 [2003]; *see People v Tevaha*, 84 NY2d 879, 880-881 [1994]). In any event, even assuming, arguendo, that the court erred in admitting the testimony on both occasions, we conclude that any error is harmless (*see People v Ruffins*, 31 AD3d 1180 [2006]; *People v Russell*, 2 AD3d 1455, 1457 [2003], *lv denied* 2 NY3d 745 [2004]).

Defendant further contends that the search warrant for the apartment in question was not supported by probable cause. It is, however, "defendant's burden to establish, in the first instance, standing to challenge the search warrant" (*People v McCall*, 51 AD3d 822, 822 [2008], *lv denied* 11 NY3d 856 [2008]). Inasmuch as defendant failed to demonstrate any legitimate expectation of privacy in the apartment, he has no stand-

ing to challenge the search of the apartment (*see People v Ortiz*, 83 NY2d 840, 842-843 [1994]; *People v Gonzalez*, 45 AD3d 696 [2007], *lv denied* 10 NY3d 811 [2008]; *People v Myers*, 303 AD2d 139, 142 [2003], *lv denied* 100 NY2d 585 [2003]).

We agree with defendant, however, that the evidence is not legally sufficient to support the conviction of criminally using drug paraphernalia in the second degree under count three of the indictment. We therefore modify the judgment accordingly. A person is guilty of that crime when he or she "knowingly possesses or sells . . . [d]iluents, dilutants or adulterants, including but not limited to, any of the following: quinine hydrochloride, mannitol, mannite, lactose or dextrose, adapted for the dilution of narcotic drugs or stimulants under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for the purpose of unlawfully mixing, compounding, or otherwise preparing any narcotic drug" (Penal Law § 220.50 [1]). Here, there was no evidence that the substance in question was one of the listed substances and, indeed, there was no evidence establishing the identity of the substance in question. In addition, there was no evidence indicating that the substance was actually being used to dilute the drugs that were found in the apartment.

We reject defendant's contention that the evidence was legally insufficient to support the conviction of criminally using drug paraphernalia in the second degree under count four of the indictment (Penal Law § 220.50 [2]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the first, second and fourth counts of the indictment as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict with respect to those counts is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.