■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO TRINIDAD, Appellant. [966 NYS2d 631]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered May 4, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), attempted robbery in the first degree (§§ 110.00, 160.15 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant's contention that County Court abused its discretion in admitting in evidence photographs of the victim's fatal injuries is unpreserved for our review because he made only a general objection to the admission of the photographs at trial (see People v Dickerson, 42 AD3d 228, 236-237 [2007], lv denied 9 NY3d 960 [2007]; see generally People v Shire, 77 AD3d 1358, 1359 [2010], lv denied 15 NY3d 955 [2010]). In any event, the court did not abuse its discretion in admitting the photographs in evidence (see People v Williams, 28 AD3d 1059, 1060 [2006], affd 8 NY3d 854 [2007]; People v Hayes, 71 AD3d 1477, 1477-1478 [2010], lv denied 15 NY3d 751 [2010]). "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, 32 NY2d 356, 370 [1973], rearg denied 33 NY2d 657 [1973], cert denied 416 US 905 [1974]), and that is not the case here. The photographs were properly admitted for a number of purposes, including to assist the jury in understanding the Medical Examiner's testimony concerning the victim's gunshot wound (see Hayes, 71 AD3d at 1477-1478).

Defendant failed to preserve for our review his further contention that, in sentencing him, the court penalized him for exercising the right to a jury trial, inasmuch as defendant failed to raise that contention at sentencing (see People v Stubinger, 87 AD3d 1316, 1317 [2011], lv denied 18 NY3d 862 [2011]). In any event, that contention lacks merit because "there is no indication in the record before us that the sentencing court acted in a

vindictive manner based on defendant's exercise of the right to a trial" (*id.* [internal quotation marks omitted]; *cf. People v Barone,* 101 AD3d 585, 587 [2012]; *People v Cox,* 122 AD2d 487, 489 [1986]; *People v Slobodan,* 67 AD2d 630, 630 [1979]). We do not find defendant's sentence to be otherwise harsh or severe, and we decline to reduce it on that ground (*see* CPL 470.15 [6] [b]).

Additionally, viewing the evidence in the light most favorable to the prosecution (*see People v Danielson,* 9 NY3d 342, 349 [2007]), we conclude that it is legally sufficient to establish beyond a reasonable doubt that the defendant acted in concert with and intentionally aided his companions in committing the crime of attempted robbery in the first degree (*see People v Roberts,* 64 AD3d 796, 797 [2009]; *People v Mathis,* 60 AD3d 697, 698 [2009], *lv denied* 12 NY3d 856 [2009]; *People v Witherspoon,* 300 AD2d 605, 605 [2002], *lv denied* 99 NY2d 634 [2003]), and to support the conviction of felony murder "based on the commission of that predicate crime" (*Roberts,* 64 AD3d at 797). "Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense" (*People v Molson,* 89 AD3d 1539, 1539 [2011], *lv denied* 18 NY3d 960 [2012] [internal quotation marks omitted]; *see* Penal Law § 20.00). Here, we conclude that there was evidence from which the jury could have reasonably inferred that defendant and his accomplices shared "a common purpose and a collective objective" (*People v Cabey,* 85 NY2d 417, 422 [1995]). Viewing the evidence in light of the elements of the crimes of murder in the second degree and attempted robbery in the first degree as charged to the jury (*see Danielson,* 9 NY3d at 349), we further conclude that the verdict with respect to those crimes is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Present—Smith, J.P., Fahey, Carni, Sconiers and Whalen, JJ.