# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

511
KA 10-01206
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

EDUARDO TRINIDAD, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered May 4, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), attempted robbery in the first degree (§§ 110.00, 160.15 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant's contention that County Court abused its discretion in admitting in evidence photographs of the victim's fatal injuries is unpreserved for our review because he made only a general objection to the admission of the photographs at trial (*see People v Dickerson*, 42 AD3d 228, 236-237, *lv denied* 9 NY3d 960; *see generally People v Shire*, 77 AD3d 1358, 1359, *lv denied* 15 NY3d 955). In any event, the court did not abuse its discretion in admitting the photographs in evidence (*see People v Williams*, 28 AD3d 1059, 1060, *affd* 8 NY3d 854; *People v Hayes*, 71 AD3d 1477, 1477-1478, *lv denied* 15 NY3d 751). "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner*, 32 NY2d 356, 370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905), and that is not the case here. The photographs were properly admitted for a number of purposes, including to assist the jury in understanding the Medical Examiner's testimony concerning the victim's gunshot wound (*see Hayes*, 71 AD3d at 1477-1478).

Defendant failed to preserve for our review his further contention that, in sentencing him, the court penalized him for

exercising the right to a jury trial, inasmuch as defendant failed to raise that contention at sentencing (*see People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862).  In any event, that contention lacks merit because "there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial" (*id.* [internal quotation marks omitted]; *cf. People v Barone*, 101 AD3d 585, 587; *People v Cox*, 122 AD2d 487, 489; *People v Slobodan*, 67 AD2d 630, 630).  We do not find defendant's sentence to be otherwise harsh or severe, and we decline to reduce it on that ground (*see* CPL 470.15 [6] [b]).

Additionally, viewing the evidence in the light most favorable to the prosecution (*see People v Danielson*, 9 NY3d 342, 349), we conclude that it is legally sufficient to establish beyond a reasonable doubt that the defendant acted in concert with and intentionally aided his companions in committing the crime of attempted robbery in the first degree (*see People v Roberts*, 64 AD3d 796, 797; *People v Mathis*, 60 AD3d 697, 698, *lv denied* 12 NY3d 856; *People v Witherspoon*, 300 AD2d 605, 605, *lv denied* 99 NY2d 634), and to support the conviction of felony murder "based on the commission of that predicate crime" (*Roberts*, 64 AD3d at 797).  "Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense" (*People v Molson*, 89 AD3d 1539, 1539, *lv denied* 18 NY3d 960 [internal quotation marks omitted]; *see* Penal Law § 20.00).  Here, we conclude that there was evidence from which the jury could have reasonably inferred that defendant and his accomplices shared "a common purpose and a collective objective" (*People v Cabey*, 85 NY2d 417, 422).  Viewing the evidence in light of the elements of the crimes of murder in the second degree and attempted robbery in the first degree as charged to the jury (*see Danielson*, 9 NY3d at 349), we further conclude that the verdict with respect to those crimes is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court