■ The People of the State of New York, Respondent, v Robert Gandolfo, Appellant. [975 NYS2d 160]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered February 25, 2010, convicting him of burglary in the second degree and criminal trespass in the third degree (three counts), upon a jury verdict, and sentencing him to a determinate term of imprisonment of 15 years and a five-year period of postrelease supervision on the conviction of burglary in the second degree, and time served on the convictions of criminal trespass in the third degree, to run concurrently.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, (1) by vacating the convictions of criminal trespass in the third degree (three counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) by reducing the determinate term of imprisonment imposed upon the conviction of burglary in the second degree from 15 years to 10 years; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on the charge of burglary in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the charge of burglary in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). However, the sentence imposed on that conviction was excessive to the extent indicated herein.

The defendant's contention that the prosecutor engaged in misconduct is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tonge*, 93 NY2d 838, 839 [1999]). In any event, any error was harmless, as the evidence of guilt was overwhelming, and there is no significant probability that the defendant would have been acquitted had it not been for the alleged misconduct (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant failed to demonstrate that he was deprived of the effective assistance of counsel under either the state constitutional standard (*see People v Williams*, 8 NY3d 854, 855-856 [2007]; *People v Caban*, 5 NY3d 143, 152 [2005]) or the federal constitutional standard (*see Strickland v Washington*, 466 US 668 [1984]).

However, as the People correctly concede, the evidence was legally insufficient to establish the defendant's guilt of criminal trespass in the third degree (*see* Penal Law § 140.10). Although this contention is unpreserved for appellate review, we reach it in the interest of justice and vacate those convictions, vacate the sentences imposed thereon, and dismiss those counts of the indictment. Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.