# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1415

KA 11-02499

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

JERROD A. PUGH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, THE ABBATOY LAW FIRM, PLLC (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 22, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The charges arose from an incident in which defendant and an accomplice entered a nail salon wearing black masks, and the accomplice pointed a gun at the salon owner's head while defendant guarded the door and prevented the occupants from escaping. Almost immediately after they entered the salon, the shop owner disarmed the accomplice, and defendant and the accomplice fled. It was undisputed at trial that defendant never handled the weapon.

Contrary to defendant's contention, the evidence is legally sufficient to support the conviction inasmuch as there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495). We conclude that the jury reasonably could have found " 'that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid[ed] another in the conduct constituting the offense' " (*People v Trinidad*, 107 AD3d 1432, 1433, *lv denied* 21 NY3d 1046; *see* Penal Law § 20.00; *People v Witherspoon*, 300 AD2d 605, 605, *lv denied* 99 NY2d 634). We further conclude that the evidence is legally sufficient to establish that defendant jointly possessed the accomplice's loaded firearm (*see People v Velasquez*, 44 AD3d 412, 412, *lv denied* 9 NY3d 1040).

        We have reviewed defendant's remaining contentions and conclude that none requires modification or reversal of the judgment.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court