People v Lorentzos
2026 NY Slip Op 03741
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Alexandros Lorentzos, Defendant-Appellant.

Decided and Entered: June 11, 2026
Ind No. 4439/15|Appeal No. 6872|Case No. 2020-00399|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

White and Case LLP, New York and Jenay Nurse Guilford, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), and for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Laura Ward, J., at suppression hearing; Althea Drysdale, J. at trial and sentencing), rendered November 6, 2019, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him to concurrent terms of 18 years to life on the felony murder count and eight years on the robbery count, unanimously modified, as a matter of discretion in the interest of justice, to vacate the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant did not unequivocally invoke his right to counsel during the videotaped questioning with the prosecutor, as he only asked if he should have a lawyer present for the questioning. At that point, the prosecutor re-explained that he had a right to an attorney and that it was up to him if he wanted one (see Davis v United States, 512 US 452, 459 [1994]; People v Glover, 87 NY2d 838, 839 [1995]; People v Cutts, 133 AD3d 544, 545 [1st Dept 2015], lv denied 26 NY3d 1144 [2016]). Defendant did not indicate that he wished to retain counsel. Moreover, we reject defendant's unpreserved argument on the merits that the prosecutor, under these circumstances, was required to advise defendant that he should obtain counsel.
Defendant did not preserve his challenge to the prosecutor's statements during a pretrial interview with defendant, inferring that defendant was not being forthcoming with information about the victim's robbery and death, and we decline to review it in the interest of justice (see People v Ferrer, 154 AD3d 519, 520 [1st Dept 2017], lv denied 30 NY3d 1104 [2018]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). We see no reason to disturb the jury's credibility determinations. The jury properly rejected defendant's affirmative defense to felony murder since defendant's claims that he had no reasonable ground to believe that his accomplice would be armed with a deadly weapon, and to believe that he intended to engage in conduct likely to result in death (see Penal Law § 125.25 [3] [c], [d]), were not credible. The jury was also justified in rejecting the affirmative defense, as defendant's statements changed over time, making them less credible (see People v Ocasio, 12 AD3d 621, 622 [2d Dept 2004], lv denied 4 NY3d 766 [2005]).
[*2]
Defendant's challenge to the court's jury instruction concerning the requirement of unanimity on the affirmative defense is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal because the court, which followed the Criminal Jury Instructions, sufficiently conveyed to the jury the principle that unanimity was required in order to reject the affirmative defense (see People v Alejandro, 127 AD3d 434, 434 [1st Dept 2015], lv denied 26 NY3d 1142 [2016]; People v Parra, 58 AD3d 479, 480 [1st Dept 2009], lv denied 12 NY3d 820 [2009]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.
We find no basis to reduce defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026