■ The People of the State of New York, Respondent, v Walter King, Appellant. [596 NYS2d 102] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered December 7, 1990, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's claim that he was deprived of a fair trial as a result of the court's refusal to conduct an "independent source" hearing as to the identification testimony elicited from one of the People's eyewitnesses. Although the court initially ruled that the witness's identification testimony would be admissible because it was confirmatory (see, People v Rodriguez, 79 NY2d 445) and prior to trial the prosecutor revealed that the witness did not know the defendant, at trial the court did offer the defendant the opportunity to re-open the Wade hearing. The defendant expressly declined his offer, as counsel agreed that there was no need to inquire into the issue of whether the witness's identification testimony was tainted as a result of any unduly suggestive identification procedures. Inasmuch as the defendant expressly rejected the court's offer to re-open the Wade hearing to inquire into the issue of the alleged suggestiveness of the

identification procedures employed, or whether the witness possessed an independent basis for his in-court identification, his present claims of error in this regard have been waived *(see, People v D'Alvia,* 171 AD2d 96). In any event, two other eyewitnesses implicated the defendant as the person who shot the victim and thus, any error in connection with the disputed issue would be harmless *(see, People v Crimmins,* 36 NY2d 230).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Miller and Pizzuto, JJ., concur.