■■■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL ROSS, Respondent. [617 NYS2d 885] —Appeal by the People from an order of the Supreme Court, Kings County (Owens, J.), dated June 17, 1992, which granted the defendant's motion pursuant to CPL 330.30 to set aside the jury verdict convicting him of murder in the second degree, reckless endangerment in the first degree (two counts), criminal mischief in the second degree, criminal mischief in the third degree, criminal possession of a weapon in the second degree (three counts), and criminal possession of a weapon in the third degree (three counts), and dismissed the indictment on the ground that the evidence of the defendant's guilt was legally insufficient.

Ordered that the order is affirmed.

The evidence presented against the defendant at trial was entirely circumstantial. The well-settled standard of proof in such cases is that the facts from which the inference of guilt is drawn must be inconsistent with the defendant's innocence and must exclude to a moral certainty every other reasonable hypothesis *(People v Way,* 59 NY2d 361, 365; *People v Ken-*

*nedy,* 47 NY2d 196, 202; *People v Benzinger,* 36 NY2d 29; *People v Cleague,* 22 NY2d 363). Since the People tried the defendant on the theory of accessorial liability, *i.e.,* that he acted in concert with his codefendants to cause the shooting death of a young child, and related crimes, they were required to prove to a moral certainty that he acted with the mental culpability of his codefendants and further that he "solicit[ed], request[ed], command[ed], importune[d] or intentionally aid[ed]" at least one of them to engage in the shooting (Penal Law § 20.00; *People v Akptotanor,* 158 AD2d 694, 695; *see also, People v La Belle,* 18 NY2d 405).

The People did not meet their burden. Only two witnesses placed the defendant near the apartment building where the child was shot to death close to the time of the crime. The first witness testified that she saw the defendant in the company of some of his codefendants at trial, minutes before she heard shots inside the apartment building. However, she admitted that she had not seen the defendant enter the building. The second witness testified that he saw the defendant in the company of an unidentified male, not one of his codefendants at trial, running from the vicinity of the apartment building a few seconds after the witness heard shots inside. Since neither of these witnesses observed the defendant in the building, or in possession of a gun, or do anything to aid his codefendants in relation to the child's shooting death, the evidence of guilt is legally insufficient to sustain his conviction. Consequently, the court did not err in setting aside the verdict *(see,* CPL 330.30 [1]). Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.