■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAN SMALLS, Appellant. [625 NYS2d 109] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was denied due process of law as the result of the severance granted to a codefendant during the trial. Defendant waived his challenge to the severance by joining that codefendant's motion *(see, People v Alvarez,* 198 AD2d 171, *lv denied* 83 NY2d 802; *People v Aezah,* 191 AD2d 312, 313, *lv denied* 81 NY2d 1010; *People v Corley,* 162 AD2d 1020, *lv denied* 76 NY2d 892) and by declining County Court's offer to grant a mistrial *(see, People v King,* 192 AD2d 556, *lv denied* 81 NY2d 1075). Moreover, the contention that defendant was denied his right to be tried by a jury of his own choosing because he was compelled to share his peremptory challenges with the codefendants is not preserved for review *(see,* CPL 470.05 [2]; *People v Hilton,* 187 AD2d 608, *lv denied* 81 NY2d 887), and we decline to address that issue as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

The court properly denied defendant's motion to preclude the identification testimony of a prosecution witness based upon the People's failure timely to provide a CPL 710.30 notice. The record supports the court's finding that the identi-

fication of defendant by that witness, who is defendant's cousin, was merely confirmatory and thus exempt from the notice and hearing requirements of CPL 710.30 *(see, People v Rodriguez,* 79 NY2d 445). (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present —Denman, P. J., Green, Fallon, Balio and Boehm, JJ.