THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BRYAN, Appellant. [647 NYS2d 903] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Steuben County Court for resentencing in accordance with the following Memorandum: Defendant was convicted upon a jury verdict of criminal sale and criminal possession of a controlled substance in the third degree and sentenced to an indeterminate term of incarceration of 1 to 3 years. Defendant argues and the People concede that County Court erred in failing to impose sentence upon both counts of which defendant was convicted (*see*, CPL 380.20). Consequently, the judgment is modified by vacating the sentence, and the matter is remitted to Steuben County Court for resentencing. Contrary to defendant's contention, the delay in resentencing defendant following sentencing that failed to conform to CPL 380.20 does not divest the court of jurisdiction (*cf., People v Drake*, 61 NY2d 359).

Defendant argues that the court erred in denying his motion for a *Wade* hearing. At the court appearance on defendant's motion, defense counsel stated that he had not yet had an opportunity to view the photo array. The court ordered the People to make the photo array available to defendant and denied defendant's motion for a *Wade* hearing with leave to renew. Defendant did not object to that procedure and failed to renew the motion, thus waiving his right to a *Wade* hearing (*see, People v King*, 192 AD2d 556, 557, *lv denied* 81 NY2d 1075).

The verdict is not against the weight of the evidence. Although the testimony of two key prosecution witnesses was contradictory in some respects, we cannot conclude that the jury failed to give the evidence the weight it should have been accorded (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Steuben County Court, Scudder, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.