■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS IRIZARRY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK PALMER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY LEWIN, Appellant. [650 NYS2d 105] —Judgments, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered July 6, 1994, convicting each defendant of murder in the second degree, attempted murder in the second degree (two counts), criminal use of a firearm in the first degree (two counts each with respect to defendants Irizarry and Palmer, and one count with respect to defendant Lewin), criminal possession of a weapon in the second degree (two counts with respect to defendant Irizarry and three counts each with respect to defendants Palmer and Lewin), and criminal possession of a weapon in the third degree (one count with respect to defendant Irizarry and two counts each with respect to defendants Palmer and Lewin), and sentencing each defendant to consecutive terms on the murder and attempted murder convictions (on the murder convictions, 20 years to life each with respect to defendants Irizarry and Palmer, and 22 years to life with respect to defendant Lewin; on the attempted murder convictions, 8$^1$/$_3$ to 25 years regarding each defendant), and lesser terms on the additional convictions, unanimously affirmed.

The People presented overwhelming evidence that each of the defendants committed the crimes charged. With respect to defendant Lewin's specific argument, we conclude that his armed presence as the initial shots were fired, his participation in the ransacking of the apartment and stated intention to take the deceased's money and drugs, his participation in the attempt to kill the two eyewitnesses, and his flight with the codefendants immediately after the shootings, evidenced his

community of purpose with the codefendants in the murder (*see, People v Allah,* 71 NY2d 830, 832).

The trial court appropriately exercised its discretion in denying a mistrial based on the conduct of one of the People's witnesses, since the court's prompt curative actions and leave to defense counsel to comment in summation regarding inferences that might be drawn from the witness's conduct permitted the jury to determine the issues before it fairly and properly (*see, People v Ortiz,* 54 NY2d 288, 293).

The record does not support defendant Lewin's claim that he was denied his right to be present at a material stage of his trial. Rather, the record indicates that defendant Lewin was present and within hearing range throughout the evidentiary procedure in question, and his current claim, constituting a claim of constructive absence, is not preserved (*see, People v Robles,* 86 NY2d 763). As defendant Lewin conceded at trial that the exhibit entered into evidence involved a collateral matter that was not material to his defense, his constitutional right to confrontation was not violated (*see, People v Stanard,* 42 NY2d 74, 85, *cert denied* 434 US 986). Further, as the jury did not ask to see the exhibit in question, defendant Lewin's claim of right "to see everything the jury sees" (*People v Morton,* 189 AD2d 488, 494) was not implicated.

The trial court appropriately exercised its discretion in denying defendants' belated motions for a mistrial based upon various comments made by the prosecutor in summation, and the court's curative actions assured that no undue prejudice would accrue to defendants (*see, People v Shellman,* 200 AD2d 403, 404, *lv denied* 83 NY2d 858).

All defendants' remaining arguments are without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Andrias, JJ.