■ CARLA SHENKMAN, Respondent, v MICHAEL SHENKMAN, Appellant. [654 NYS2d 293] —Order and judgment (one paper), and judgment, Supreme Court, New York County (Lewis Friedman, J.), entered March 28, 1995 and May 26, 1995, *inter alia,* awarding plaintiff unpaid interim attorneys' fees, unanimously affirmed, with costs. Appeal from an order, same court and Justice, entered May 11, 1995, which denied defendant's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

The court properly considered the circumstances of the case, the relative merit of the parties' positions, and the parties' respective financial positions in awarding interim attorneys' fees. We have considered defendant's other arguments and find them to be without merit. Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BOYNES, Appellant. [654 NYS2d 297] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered February 23, 1995, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him to concurrent terms of 2 to 6 years, respectively, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley,* 69 NY2d 490). Issues relating to credibility and the reliability of identification testimony were properly presented to the jury and we see no reason to disturb its verdict.

Defendant's motion to suppress identification testimony was properly denied. Defendant's claim that the identification was the fruit of an unlawful detention is unpreserved and unreviewable on this record. Although defendant's motion papers included such a claim, defendant acquiesced in the court's limitation of the suppression hearing to the issue of suggestiveness (*see, People v Roman,* 233 AD2d 116). When defendant moved for reargument a month after the suppression decision, but declined the court's offer to reopen the hearing, the court properly denied suppression, because the record of the existing hearing provided no basis on which to find that defendant was unlawfully detained (*see, People v King,* 192 AD2d 556, *lv denied* 81 NY2d 1075).

We have considered defendant's remaining contention and find it to be without merit. Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.