■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MAYO, Appellant. [726 NYS2d 32] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J., on speedy trial motion; Edward Davidowitz, J., at jury trial and sentence), rendered June 16, 2000, convicting defendant of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 12½ to 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility and identification.

Based on the record before us, we cannot conclude that the almost nine-year delay between the date of the homicide and defendant's arrest constituted a violation of defendant's State or Federal due process rights (*see, People v Lesiuk*, 81 NY2d 485, 490-491; *United States v Lovasco*, 431 US 783, 795-796). Although a delay of this length shifts the burden on the prosecution to establish good cause (*see, People v Singer*, 44 NY2d 241, 254), that burden was met by its showing that the principal reason for the delay was the reluctance of a nine-year-old prosecution witness to testify or cooperate, rather than any attempt to gain a tactical advantage (*see, People v*

*McNeill*, 204 AD2d 975, *lv denied* 84 NY2d 829; *see also, People v Rodriguez*, 281 AD2d 375). "[A] determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense." (*People v Singer, supra* at 254, citing *United States v Lovasco*, 431 US 783, *supra.*)

The record fails to support defendant's claim that, in an indirect manner, the People violated CPL 60.35 (1) by impeaching their eyewitness. As the court made clear in its instruction to the jury, which the jury is presumed to have followed (*see, People v Davis*, 58 NY2d 1102), the People's cross-examination of a detective, called as a defense witness, regarding an inconsistency in his paperwork constituted impeachment only of the detective.

The testimony elicited from the eyewitness, who at the time of the shooting was nine years old, regarding the statements made to her by her mother and grandmother, revealed her state of mind and explained why she did not come forward until years after her father's murder (*see, People v Wortherly*, 68 AD2d 158, 163-164). The possibility of any undue prejudice to defendant was obviated by the court's instructions to the jury (*see, People v Young*, 266 AD2d 93, *lv denied* 94 NY2d 927).

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Marlow, JJ.