■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THAMUD ELDRIDGE, Appellant. [755 NYS2d 193] —Appeal from a judgment of Onondaga County Court (Burke, J.), entered June 15, 1993, convicting defendant following a nonjury trial of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the motion is granted, the indictment is dismissed and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of conspiracy in the second degree (Penal Law § 105.15), two counts of murder in the second degree (§ 125.25 [1], [3]) and related crimes, arising from a shooting. We agree with defendant that County Court erred in denying his motion to dismiss the indictment based on the legal insufficiency of the evidence at trial. The People presented evidence that codefendants Carlton Cotton (*see People v Cotton*, 237 AD2d 943, *lv denied* 90 NY2d 857) and Rashan Smalls (*see People v Smalls*, 213 AD2d 987, *lv denied* 86 NY2d 784) planned and participated in the shooting in order to rob a reputed drug dealer. The People failed, however, to prove beyond a reasonable doubt that defendant agreed with either codefendant "to engage in or cause the performance of such conduct" (§ 105.15). Thus, the evidence is legally insufficient to support defendant's conviction of conspiracy in the second degree. The evidence also is legally insufficient with respect to the remaining crimes. Specifically, there was no evidence that defendant was at the scene of the shooting or that he possessed a weapon at the time of the crime (*see People v Ross*, 208 AD2d 962, 963; *People v Maldonado*, 126 AD2d 670, 672, *lv denied* 69 NY2d 883), nor was there evidence that defendant was aware of the robbery plan, shared the intent of the codefendants or aided them in any way (*see People v Nieves*, 135 AD2d 579, 581, *lv denied* 71 NY2d 1031; *cf. People v Cabey*, 85 NY2d 417, 421-422). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), establishes at best that defendant was in the company of his codefendants near the scene of the shooting shortly after its commission. That evidence is legally insufficient to establish defendant's guilt beyond a reasonable doubt of the remaining crimes, i.e., murder in the second degree (§ 125.25 [1], [3]), attempted robbery in the first degree (§§ 110.00, 160.15 [1]), reckless endangerment in the first degree (§ 120.25), and criminal possession of a weapon in the second degree (§ 265.03) (*see People v Forte*, 223 AD2d 358, 360, *lv denied* 88 NY2d 878; *Ross*, 208 AD2d at 963; *Nieves*, 135 AD2d at 581; *Maldonado*, 126 AD2d at 672). In view of our determination that the evidence is legally insufficient to support the conviction, we do not address defendant's remaining contentions. Present—Green, J.P., Pine, Hurlbutt, Kehoe and Hayes, JJ.