■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JEFFERSON, Appellant. [808 NYS2d 882]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered February 13, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, aggravated criminal contempt, assault in the third degree (two counts) and criminal contempt in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), aggravated criminal contempt (§ 215.52), criminal contempt in the second degree (§ 215.50 [3]) and two counts of assault in the third degree (§ 120.00 [1]). Defendant contends that, because the victim recanted her grand jury testimony and gave exculpatory trial testimony, the conviction is not supported by legally sufficient evidence and the verdict is against the weight of the evidence. We reject defendant's contention, based on the testimony of the remaining witnesses (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Issues of credibility stemming from the drug use of the victim and her in-

consistent testimony were properly considered by the jury, and we see no basis to disturb its credibility determinations (*see People v Terrell*, 298 AD2d 241, 242 [2002], *lv denied* 99 NY2d 585 [2003]). Moreover, County Court gave appropriate limiting instructions with respect to the jury's consideration of the impeachment evidence presented during the victim's testimony, and the jury is presumed to have followed those instructions (*see generally People v Mayo*, 284 AD2d 111, 112 [2001], *lv denied* 97 NY2d 642 [2001]).

Defendant failed to preserve for our review his present contention that the court erred in granting immunity to the victim (*see* CPL 470.05 [2]; *see generally People v Patterson*, 39 NY2d 288, 295-296 [1976], *affd* 432 US 197 [1977]; *People v Ahmed*, 66 NY2d 307, 310 [1985], *rearg denied* 67 NY2d 647 [1986]), and we decline to exercise our power to address defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the court did not err in admitting a recording of a 911 telephone call under the excited utterance exception to the hearsay rule (*see People v Marino*, 21 AD3d 430, 431 [2005]; *see generally People v Edwards*, 47 NY2d 493, 496-497 [1979]). Defendant failed to preserve for our review his contention that the admission of the recording violated his right to cross-examine and confront a witness against him (*see People v Cato*, 22 AD3d 863 [2005]; *People v Sanchez*, 302 AD2d 282, 283 [2003], *lv denied* 100 NY2d 542 [2003]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have reviewed defendant's remaining contentions with respect to the admission of the recording and conclude that none requires reversal.

Defendant also failed to preserve for our review his challenge to the scientific basis of expert testimony on battered woman syndrome (*see* CPL 470.05 [2]), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Although we agree with defendant that there was an insufficient factual foundation for the admission of that testimony because there was no evidence that the victim was suffering from that syndrome (*see People v Kruglik*, 256 AD2d 592, 593 [1998], *lv denied* 93 NY2d 875 [1999]; *see also Zammiello v Senpike Mall Co.*, 5 AD3d 1001, 1002 [2004]), we nevertheless conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Green, JJ.