# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1215**
**KA 10-01757**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DARRIUS S. MOLSON, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered June 29, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that the evidence is legally insufficient to establish his liability as an accessory. We reject that contention. "Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense" (*People v Chapman*, 30 AD3d 1000, 1001, *lv denied* 7 NY3d 811 [internal quotation marks omitted]; *see* § 20.00). Here, we conclude that there was evidence from which the jury could have reasonably inferred that defendant and his accomplice shared "a common purpose and a collective objective" (*People v Cabey*, 85 NY2d 417, 422), and that "defendant either shot the victim or shared in the intention of the [accomplice] to do so" (*People v Morris*, 229 AD2d 451, *lv denied* 88 NY2d 990). Immediately prior to the shooting, the victim was located on the porch of a house with one of the witnesses. That witness testified that, before she fled into the house, she observed defendant approach the porch with a gun raised toward the victim (*see People v Irizarry*, 233 AD2d 209, 209-210, *lv denied* 89 NY2d 924, 943, 988). The People also presented evidence establishing that, just before the shooting, defendant overheard the accomplice state that he was going to "f<sup>xxx</sup> [the victim] up," and the People further established that defendant arrived at and left the scene with that accomplice (*see People v*

*Carter*, 293 AD2d 484, *lv denied* 99 NY2d 626). Moreover, shortly after his arrest, defendant told a jail officer that he had "just committed murder."

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We conclude that "an acquittal would not have been unreasonable" inasmuch as the jury could have concluded that defendant's accomplice fired all of the shots and that the identification made by the witness who observed defendant approach the porch was mistaken (*Danielson*, 9 NY3d at 348). We further conclude, however, that the jury was justified in finding defendant guilty beyond a reasonable doubt in light of the evidence of accessorial liability set forth above (*see id.*).

Defendant contends that County Court erred in refusing to suppress an identification of defendant from the second photo array shown to the witness who observed defendant approach the porch because that identification procedure was unduly suggestive. We reject that contention. The mere fact that the police show a witness multiple photo arrays does not render the second photo array suggestive where, as here, the police mitigated any potential suggestiveness by using a markedly different photograph of the defendant in the second photo array and placing it in a different location than in the first photo array (*see People v Daniels*, 202 AD2d 987). Further, the second photo array was not rendered unduly suggestive by the fact that defendant was the only individual depicted in both photo arrays (*see id.*), or by the fact that the witness failed to identify defendant in the first photo array (*see People v Brennan*, 261 AD2d 914, *lv denied* 94 NY2d 820). We conclude that the composition and appearance of the second photo array was not unduly suggestive. The individuals depicted therein were generally similar in appearance to defendant, inasmuch as they all were black males who appeared to be of similar age and skin tone, and the photographs were similarly cropped (*see generally People v McBride*, 14 NY3d 440, 448, *cert denied* ___ US ___, 131 S Ct 327).

Contrary to defendant's further contention, the statement of his accomplice that he wanted to "f××× [the victim] up" was not hearsay, and the court therefore properly admitted that statement in evidence. Defendant was present when his accomplice made that statement, and the People sought to admit the statement in evidence to provide circumstantial evidence of defendant's state of mind, i.e., that defendant went to the crime scene with the accomplice knowing that violence was likely to result, not to prove the truth of the matter asserted by the accomplice (*see People v Davis*, 58 NY2d 1102, 1103; *People v Daniels*, 265 AD2d 909, 910, *lv denied* 94 NY2d 878).

We agree with defendant that the court erred in admitting in evidence his statement to another individual that he was asked to leave a bar shortly before the shooting because the bar's manager "said he had a gun." That statement, although made by defendant, constituted double hearsay and involved nothing more than defendant's

repetition of a statement made by the manager.  Thus, despite the general rule that an out-of-court statement by a criminal defendant is admissible against that defendant (*see People v Chico*, 90 NY2d 585, 589; *People v O'Connor*, 21 AD3d 1364, 1366, *lv denied* 6 NY3d 757), defendant simply recounted the statement of another, and thus the statement in question was inadmissible (*see People v Smith*, 172 NY 210, 236).  We nevertheless conclude that such error is harmless.  The evidence of defendant's guilt was overwhelming, and there was no significant probability that defendant would have been acquitted had his statement been excluded (*see People v Kello*, 96 NY2d 740, 744; *see generally People v Crimmins*, 36 NY2d 230, 241-242).  Indeed, there was other evidence at trial, including the testimony of the witness who observed defendant approach the porch, that placed him at the scene of the shooting with a gun.  In addition, another witness testified that he saw two men fleeing the area of the shooting and that one of the individuals had a gun.  According to that witness, the individual with the gun was wearing clothing that matched the description of defendant's clothing on the night of the murder provided by the witness who observed him on the porch.

Finally, the sentence is not unduly harsh or severe.

Entered:  November 18, 2011                     Patricia L. Morgan
                                                Clerk of the Court