People v Zanders (2020 NY Slip Op 05377)





People v Zanders


2020 NY Slip Op 05377


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


752 KA 16-01593

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WALTER ZANDERS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered August 11, 2016. The judgment convicted defendant upon a nonjury verdict of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of manslaughter in the first degree (Penal Law
§ 125.20 [1]), defendant contends that the verdict is against the weight of the evidence inasmuch as his statements to the police were involuntary and should have been disregarded by County Court, and the record lacked credible evidence that he had the intent to cause serious physical injury. Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). First, the People established beyond a reasonable doubt the voluntariness of defendant's statements, and thus it cannot be said that the court, which relied on and accepted those statements, rendered a verdict that is contrary to the weight of the evidence (see People v Scippio, 144 AD3d 1184, 1186-1187 [3d Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Vieou, 107 AD3d 1052, 1053-1054 [3d Dept 2013]; see also People v Lewis, 140 AD3d 1593, 1594-1595 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). Second, the People established beyond a reasonable doubt that defendant was liable as an accessory (see generally People v Molson, 89 AD3d 1539, 1540 [4th Dept 2011], lv denied 18 NY3d 960 [2012]; People v Alexander, 51 AD3d 1380, 1383 [4th Dept 2008], lv denied 11 NY3d 733 [2008]). " 'Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime[], intentionally aid another in the conduct constituting the offense[]' " (People v Williams, 179 AD3d 1502, 1502 [4th Dept 2020], lv denied 35 NY3d 995 [2020]; see § 20.00; People v Nafi, 132 AD3d 1301, 1302 [4th Dept 2015], lv denied 26 NY3d 1147 [2016]). Here, defendant's statements to the police and the testimony at trial established that defendant knew that the man who shot the victim had a firearm, defendant provided transportation for the shooter to the scene of the shooting, he gave the man a hoody to conceal the weapon, he knew that the man was probably going to shoot someone, and he acted as a lookout for the police for the man. Defendant had a "community of purpose" with (People v Scott, 25 NY3d 1107, 1110 [2015]) and " 'shared in the intention of' " the shooter (Williams, 179 AD3d at 1503; see Molson, 89 AD3d at 1540).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court