People v Hawkins (2021 NY Slip Op 01882)





People v Hawkins


2021 NY Slip Op 01882


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND WINSLOW, JJ.


6 KA 15-00607

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EARNEST HAWKINS, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered September 18, 2014. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and the facts, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment that convicted him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of reckless endangerment in the first degree (§ 120.25). Defendant was acquitted of the remaining two counts of the indictment. The charges arose from defendant's alleged involvement in a robbery and shooting committed by a codefendant. The trial evidence established that the codefendant robbed an individual at gunpoint and that, as the codefendant walked away, the victim got into a vehicle, and the operator of that vehicle began driving toward the codefendant. The codefendant fired several shots at the vehicle in which the victim was riding, and then the codefendant got into a vehicle operated by defendant (defendant's car), which had been parked a couple of blocks away from the scene of the robbery, and defendant drove away.
Defendant contends on appeal that the evidence is legally insufficient to support the conviction or, alternatively, that the verdict is against the weight of the evidence. We agree with defendant that the evidence is legally insufficient to support his conviction of counts two and four of the indictment. Count two of the indictment, charging criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b), required the People to prove beyond a reasonable doubt that defendant either personally possessed or assisted the codefendant in possessing a loaded firearm, specifically a semiautomatic pistol, "with [the] intent to use the same unlawfully against another" (§ 265.03 [1]; see §§ 20.00, 265.03 [1] [b]). Initially, although defendant was charged as both a principal and an accessory, there is no dispute that defendant did not personally participate in the robbery itself and that he was not present when the codefendant robbed the victim (see People v Eldridge, 302 AD2d 934, 935 [4th Dept 2003], lv denied 99 NY2d 654 [2003]). Thus, defendant may be held criminally liable for the conduct of the codefendant only "if he acted with the mental culpability required for committing the underlying offense and solicited, requested, commanded, importuned or intentionally aided [the codefendant] to engage in conduct constituting the offense" (People v Flanagan, 28 NY3d 644, 661 [2017], rearg denied 29 NY3d 981 [2017]; see § 20.00; People v Zanders, 187 AD3d 1579, 1580 [4th Dept 2020], lv denied 36 NY3d 932 [2020]). Here, in a statement to a police investigator, defendant initially asserted that he did not recognize the codefendant when the codefendant forced defendant at gunpoint to get in defendant's car and drive away with the [*2]codefendant riding as a passenger. Defendant subsequently admitted to the investigator that he recognized the codefendant's name as someone who had previously robbed defendant and his uncle and, in a recorded phone call that he made after his arrest, defendant appears to refer to the codefendant by a nickname. Nonetheless, there is no evidence that defendant and the codefendant were together earlier on the day of the robbery and shooting, no evidence that defendant had prior knowledge either that the codefendant would be armed that day or that he was intending to rob someone, and no evidence that defendant and the codefendant had an ongoing relationship (see Eldridge, 302 AD2d at 935; cf. Zanders, 187 AD3d at 1580). Thus, viewing the evidence in the light most favorable to the People, as we must, we conclude that the evidence is legally insufficient to establish that defendant shared the codefendant's intent to use the loaded semiautomatic pistol unlawfully against another (see generally People v Contes, 60 NY2d 620, 621 [1983]).
With respect to count four of the indictment, charging reckless endangerment in the first degree, the People were required to prove beyond a reasonable doubt that defendant, either personally or by acting in concert with the codefendant, recklessly engaged in conduct that created a grave risk of death to another person by shooting a handgun at an occupied vehicle (see Penal Law § 120.25). The evidence established that the codefendant fired shots at the vehicle in which the victim was riding almost immediately after the robbery occurred and prior to the codefendant getting into defendant's car. Thus, for the same reasons discussed above, the evidence is legally insufficient to establish that defendant had any knowledge of the codefendant's possession of a firearm prior to the shooting or that defendant somehow "solicited, requested, commanded, importuned or intentionally aided [the codefendant] to engage in" the reckless shooting at the vehicle in which the victim was riding (Flanagan, 28 NY3d at 661; see § 20.00; Eldridge, 302 AD2d at 935).
We reject defendant's contention that there is legally insufficient evidence to support his conviction of count three of the indictment, criminal possession of a weapon in the second degree based on possession of a loaded semiautomatic pistol outside of his home or place of business (see Penal Law § 265.03 [3]). Witnesses testified that they saw no altercation between defendant and the codefendant when the latter entered defendant's car. Further, the codefendant was apprehended after he exited defendant's vehicle in an area near the location where the loaded semiautomatic pistol used in the robbery and shooting was recovered. Defendant himself told the interviewing police investigator that he had observed the codefendant fire the pistol at another vehicle before the codefendant forced defendant at gunpoint to get into defendant's car and directed defendant to drive away, thus indicating that defendant was aware while he was driving that the codefendant was armed with a loaded weapon (see generally People v Allah, 71 NY2d 830, 831-832 [1988]; People v James, 176 AD3d 1492, 1493 [3d Dept 2019], lv denied 34 NY3d 1078 [2019]). In addition, a rational trier of fact could infer from the evidence presented that defendant recognized the codefendant at the time he got into defendant's car (see generally Contes, 60 NY2d at 621). We therefore conclude, contrary to defendant's contention, that there is legally sufficient evidence establishing that defendant intentionally aided the codefendant in his possession of a loaded semiautomatic pistol outside of his home or place of business (see § 20.00; Flanagan, 28 NY3d at 661; James, 176 AD3d at 1493).
Nevertheless, viewing the evidence in light of the elements of criminal possession of a weapon in the second degree under count three of the indictment as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on that count is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Initially, an acquittal of that count would not have been unreasonable inasmuch as the jury could have credited defendant's statement that the codefendant forced him to drive away (see generally Danielson, 9 NY3d at 348; Bleakley, 69 NY2d at 495). Thus, we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348). Here, although the evidence that defendant knew who the codefendant was prior to the robbery provides a rational basis for questioning defendant's credibility, we conclude, upon our independent review of the evidence, that the People failed to prove beyond a reasonable doubt that defendant, finding himself in the presence of a man with a loaded weapon, willingly "solicited, requested, commanded, importuned or intentionally aided" the codefendant's possession of that weapon (Flanagan, 28 NY3d at 661; see Penal Law § 20.00), or that defendant "shared a 'community of purpose' with [the codefendant]" (Allah, 71 NY2d at 832).
In light of our conclusions, defendant's remaining contentions
are academic.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court