People v Lathrop (2024 NY Slip Op 02618)

People v Lathrop

2024 NY Slip Op 02618

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

95 KA 18-01371

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONTEY L. LATHROP, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JONATHAN GARVIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered December 6, 2017. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, attempted assault in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is modified on the facts by reversing those parts convicting defendant of attempted murder in the second degree under count 1 of the indictment, attempted assault in the first degree under count 2 of the indictment, and criminal possession of a weapon in the second degree under count 3 of the indictment and dismissing those counts of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant was convicted following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), attempted assault in the first degree (§§ 110.00, 120.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). We agree with defendant that the verdict is against the weight of the evidence with respect to counts 1, 2 and 3 of the indictment, charging attempted murder in the second degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree under subdivision (1) (b) of section 265.03, but reject defendant's remaining contentions.
Defendant's conviction stems from an incident during which he was driving a vehicle on a one-way street in the City of Rochester when the front seat passenger in his vehicle fired a gun numerous times out of the window in the direction of a parked car. The victim — a man sitting in the parked car — exited the car and ran away unharmed after hearing gunshots. While driving away from the scene, defendant collided with another vehicle at a nearby intersection. The other driver exited her vehicle and asked defendant to exchange "paperwork," but defendant swore at her and drove away. Several witnesses provided the police with the license plate number of the vehicle defendant was driving, and he was determined to be its registered owner. Defendant was soon arrested, but the passenger who fired the shots was never identified. Each count of the indictment alleged, inter alia, that defendant acted in concert with the shooter and was an accomplice under Penal Law § 20.00.
At trial, the evidence against defendant was based on the fact that he was driving the unknown shooter who fired shots in the direction of the putative victim for unknown reasons. The victim testified that he heard someone yell "yo" before the shots were fired, but the victim did not identify the shooter or anyone else in the vehicle from which the shots were fired. The People offered no evidence with respect to why the shooter may have wished to harm the victim, or if indeed the victim was the intended target, and there is no evidence in the record that the victim and defendant knew each other prior to the shooting. Although the woman whose vehicle defendant struck in the intersection testified that she thought she saw a black object resembling a [*2]gun in defendant's hand after the collision, she acknowledged on cross-examination that she testified before the grand jury that she could not tell whether it was the driver or passenger of the vehicle whom she saw holding the black object.
"Intent to kill may be inferred from [a] defendant's conduct as well as the circumstances surrounding the crime" (People v Price, 35 AD3d 1230, 1231 [4th Dept 2006], lv denied 8 NY3d 926 [2007]). A person is criminally liable for the conduct of another that constitutes an offense " 'when, acting with the mental culpability required for the commission thereof, [they] solicit[ ], request[ ], command, importune[ ], or intentionally aid[ ] such person to engage in such conduct' " (People v Ramos, 218 AD3d 1113, 1113-1114 [4th Dept 2023], quoting Penal Law § 20.00 [emphasis omitted]). Here, the question is whether defendant shared the shooter's intent to kill or seriously injure the victim. Even assuming, arguendo, that the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), we conclude that the verdict is against the weight of the evidence with respect to counts 1, 2 and 3 of the indictment. Viewing the evidence in light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]) and considering that "a defendant's presence at the scene of the crime, alone, is insufficient for a finding of criminal liability" (Ramos, 218 AD3d at 1114 [internal quotation marks omitted]), here the People failed to prove beyond a reasonable doubt that defendant "shared the [shooter's] intent to kill" or cause serious physical injury to the victim, or the intent to use the gun unlawfully against the victim (People v McDonald, 172 AD3d 1900, 1904 [4th Dept 2019]; see generally People v Hawkins, 192 AD3d 1637, 1640 [4th Dept 2021]), particularly given the lack of evidence "that defendant knew that the [shooter] was armed at the time defendant transported him" (Ramos, 218 AD3d at 1116).
We note that the evidence at trial established that the gun from which the shots were fired was small and, despite the permissible inferences, the evidence falls short of establishing beyond a reasonable doubt that defendant knew that the shooter was armed or that defendant purposely "position[ed] the vehicle to enable the [shooter] to get a clear shot at the victim" (People v McGee, 87 AD3d 1400, 1401 [4th Dept 2011], affd 20 NY3d 513 [2013]). Although defendant engaged in an argument with the driver of the vehicle he hit and then fled from the scene, such evidence does not establish beyond a reasonable doubt that defendant shared a "common purpose and a collective objective" with the passenger of his vehicle with respect to the shooting (People v Cabey, 85 NY2d 417, 422 [1995]; see People v Payne, 298 AD2d 937, 937 [4th Dept 2002]; cf. People v Pietrocarlo, 37 NY3d 1142, 1143 [2021]; see generally People v Allah, 71 NY2d 830, 832 [1988]). We therefore modify the judgment by reversing those parts convicting defendant of attempted murder in the second degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree under of counts 1, 2 and 3 of the indictment and dismissing those counts of the indictment.
The remaining count of the indictment charges defendant with possessing a firearm outside of his home or place of business (Penal Law § 265.03 [3]). With respect to that count, we conclude that the conviction is supported by legally sufficient evidence (see generally Bleakley, 69 NY2d at 495) and that, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), the verdict on that count is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We further conclude, with respect to the remaining count of the indictment, that defendant failed to preserve for our review his contention that his conviction of that offense should be dismissed because Penal Law § 265.03 is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Cabrera, 41 NY3d 35, 42 [2023]; People v Maddox, 218 AD3d 1154, 1154-1155 [4th Dept 2023], lv denied 40 NY3d 1081 [2023]; People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; see generally People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]).
We reject defendant's contention that Supreme Court erred in denying his request for a circumstantial evidence charge. Where, as here, "there is both direct and circumstantial evidence of the defendant's guilt, such a charge need not be given" (People v Hardy, 26 NY3d 245, 249 [2015]; see People v Slover, 178 AD3d 1138, 1145 [3d Dept 2019], lv denied 34 NY3d 1163 [2020]). Finally, the sentence imposed on defendant's conviction, as modified by our [*3]determination, is not unduly harsh or severe.
All concur except Bannister and Greenwood, JJ., who dissent and vote to affirm in the following memorandum: Because we conclude that the verdict is not against the weight of the evidence with respect to counts 1, 2 and 3 of the indictment, we respectfully dissent and would affirm the judgment. Defendant's conviction stems from an incident where he was driving down a one-way street in Rochester when his passenger (shooter) fired a gun several times at a parked vehicle on that street. There was a man (victim) sitting in the front passenger seat of the parked vehicle at the time, and he ran away upon hearing the gunshots. Defendant then drove off and collided with a vehicle at the end of the street. After a brief verbal encounter with the driver of that vehicle, defendant drove off again.
The majority agrees with defendant that the verdict is against the weight of the evidence with respect to counts 1, 2 and 3, charging, respectively, attempted murder in the second degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b), on whether defendant shared the shooter's intent. We cannot agree.
In determining whether a verdict is against the weight of the evidence, we must first determine whether, "based on all the credible evidence[,] a different finding would not have been unreasonable" (People v Bleakley, 69 NY2d 490, 495 [1987]). If so, "then [we] must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (id., quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]). Weight of the evidence review requires us to "affirmatively review the record; independently assess all of the proof; substitute [our] own credibility determinations for those made by the jury in an appropriate case; determine whether the verdict was factually correct; and acquit a defendant if [we] are not convinced that the jury was justified in finding that guilt was proven beyond a reasonable doubt" (People v Delamota, 18 NY3d 107, 116-117 [2011]). In reviewing the evidence, we must "give due deference to the factfinder's resolution of witness credibility and conflicting evidence" (People v Romero, 7 NY3d 633, 643 [2006]).
Viewing the evidence in light of the elements of counts 1, 2 and 3 of the indictment as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence because defendant was a knowing accomplice to the attempted murder, attempted assault, and gun possession offenses charged under those counts of the indictment (see People v Lewis-Bush, 204 AD3d 1424, 1425 [4th Dept 2022], lv denied 38 NY3d 1072 [2022]). Defendant drove the vehicle while the shooter fired several times at the parked vehicle in which the victim was sitting in the front passenger seat, and the victim heard someone say "yo" as soon as the gunshots started. The police found the parked vehicle's driver's side windows shattered and shell casings on the ground next to the vehicle. A permissible and eminently reasonable inference from the facts was that defendant stopped or slowed down the vehicle in order to allow the shooter to fire several shots at the parked vehicle (see People v McGee, 87 AD3d 1400, 1401 [4th Dept 2011], affd 20 NY3d 513 [2013]). In other words, defendant shared the shooter's intent to use a gun to kill or cause serious physical injury to the victim and "intentionally aid[ed]" the shooter to engage in such conduct (Penal Law § 20.00). In addition, defendant fled from the scene after the gunshots were fired and collided with another vehicle. The driver of that vehicle testified that, when she asked defendant to exchange paperwork and information, he told her to "move the f*** out of the way," before he pushed her vehicle with his vehicle and drove off again.
Although we agree with the majority that "a defendant's presence at the scene of the crime, alone, is insufficient for a finding of criminal liability" (People v Ramos, 218 AD3d 1113, 1114 [4th Dept 2023] [internal quotation marks omitted]; see generally People v Cabey, 85 NY2d 417, 421 [1995]), defendant was not merely present at the crime scene but an active participant. Unlike in Ramos (218 AD3d at 1114-1115), People v Hawkins (192 AD3d 1637, 1638-1639 [4th Dept 2021]), and People v McDonald (172 AD3d 1900, 1902-1903 [4th Dept 2019]), all relied upon by the majority, the shooting in this case occurred while the shooter was in the vehicle driven by defendant, and the evidence showed that defendant and the shooter shared a " 'community of purpose' " (People v Pietrocarlo, 37 NY3d 1142, 1143 [2021]; see People v Cabassa, 79 NY2d 722, 728 [1992]). Although the majority notes that the People [*4]did not present evidence of the shooter's motive in firing at the victim, motive is not an element of the crimes at issue here (see People v Caban, 5 NY3d 143, 154 [2005]). Thus, even assuming, arguendo, that a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Inasmuch as we conclude that the remaining contentions raised by defendant do not require reversal or modification of the judgment, we would affirm.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court