People v Walker (2025 NY Slip Op 06408)

People v Walker

2025 NY Slip Op 06408

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

665 KA 17-00302

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RASHAAD WALKER, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH A. DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered February 3, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree, criminal possession of a weapon in the second degree (two counts), assault in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, one count each of murder in the second degree (Penal Law § 125.25 [1]) and assault in the second degree (§ 120.05 [2]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant's conviction arises from his alleged participation in three drive-by shootings involving three separate victims that occurred within a two-week period and resulted in the death of one of the victims.
Initially, we conclude that defendant failed to preserve for appellate review his contention challenging the People's questioning of the surviving victims (see People v Settles, 192 AD3d 1510, 1511 [4th Dept 2021], lv denied 37 NY3d 960 [2021]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's contention, County Court did not err in denying that part of his omnibus motion seeking to sever the counts of the indictment related to the each of the three incidents. " 'To effect a severance[, defendant] must either demonstrate that the counts were not joinable under the statutory criteria . . . or seek a discretionary severance' . . . Offenses are joinable if, inter alia, proof of either offense would be material and admissible as evidence-in-chief at the trial of the other offense" (People v Smith, 109 AD3d 1150, 1150-1151 [4th Dept 2013], lv denied 22 NY3d 1090 [2014]; see CPL 200.20 [2] [b]; People v Bryant, 200 AD3d 1483, 1487 [3d Dept 2021], appeal dismissed 38 NY3d 1158 [2022]). As a result of the three drive-by shootings, defendant was indicted on seven counts, including one count of murder in the second degree and assault in the second degree, and three counts of criminal possession of a weapon in the second degree. In denying severance and thereby concluding that the offenses were properly joined under CPL 200.20 (2) (b), the court determined that proof of the offenses related to one incident would be material and admissible as evidence-in-chief at the trial on the others in order to establish motive, intent, identity, or a common scheme or plan. We agree inasmuch as the People sought to present forensic evidence that the same firearm was used in each of the drive-by shootings for which defendant was charged and which occurred within a two-week period (see People v Johnson, 235 AD3d 1267, 1268 [4th Dept 2025], lv denied 43 NY3d 1009 [2025]; see also People v Murphy, 28 AD3d 1096, 1097 [4th Dept 2006], lv denied 7 NY3d 760 [2006]; People v Mullins, 247 AD2d 885, 886 [4th Dept 1998], lv denied 92 NY2d 928 [1998]). Moreover, defendant was the driver in the first incident rather than the actual [*2]shooter. Thus, evidence that defendant used the same weapon to shoot another person in the third incident would have been material and admissible evidence at the trial with respect to the first incident to establish that defendant shared the requisite intent with the actual shooter despite only acting as the driver, i.e., that he intended to cause the victim physical injury through the use of a deadly weapon (see generally People v Hawkins, 192 AD3d 1637, 1638-1639 [4th Dept 2021]).
We further conclude that the court properly determined that the challenged offenses were also correctly joined in one indictment on the basis that certain offenses, although based upon different incidents, were "defined by the same or similar statutory provisions" (CPL 200.20 [2] [c]). Indeed, the indictment charged defendant with three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), and thus, even though the charges were based on three separate incidents, "[t]here [can be] no dispute that joinder of the offenses [in the same indictment] under [CPL 200.20 (2) (c)] was proper in the first instance" (People v Mero, 43 NY3d 407, 412 [2024]; see People v Thomas, 208 AD3d 1617, 1618 [4th Dept 2022]). "Where counts have been joined under CPL 200.20 (2) (c), the CPL provides that the trial court has discretion to sever them if doing so would be 'in the interest of justice and for good cause shown' " (Mero, 43 NY3d at 412, quoting CPL 200.20 [3]; see People v Ward, 104 AD3d 1323, 1323 [4th Dept 2013], lv denied 21 NY3d 1011 [2013]; People v Reed, 212 AD2d 962, 962 [4th Dept 1995], lv denied 86 NY2d 739 [1995]). Here, defendant failed to make the requisite showing of good cause. Indeed, defendant did not "establish that there was substantially more proof against him on one set of charges and that it was likely that the jury would be unable to consider separately the proof as it related to each offense" (People v Rogers, 245 AD2d 1041, 1041 [4th Dept 1997]; see CPL 200.20 [3] [a]), nor did he establish "that he had 'both important testimony to give concerning one [offense] and a genuine need to refrain from testifying on the other' " (Rogers, 245 AD2d at 1041, quoting CPL 200.20 [3] [b]; see People v Lane, 56 NY2d 1, 8 [1982]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that an acquittal would have been reasonable, we do not conclude that the jury "failed to give the evidence the weight it should be accorded" (id.). To the extent that there were "inconsistencies in [witnesses'] testimony, [the inconsistencies] were properly considered by the jury[,] and there is no basis for disturbing its determinations" (People v Cirino, 203 AD3d 1661, 1663 [4th Dept 2022], lv denied 38 NY3d 1132 [2022] [internal quotation marks omitted]; see People v Jefferson, 26 AD3d 798, 798-799 [4th Dept 2006], lv denied 6 NY3d 895 [2006]).
Contrary to defendant's further contention, the court properly concluded that a jury instruction on manslaughter in the first degree as a lesser included offense of murder in the second degree was not warranted here inasmuch as the relevant victim was shot multiple times at point blank range, resulting in his death. There is no evidence to support a finding that defendant intended to cause serious physical injury to the victim rather than to kill him (see People v Ramsey, 59 AD3d 1046, 1047 [4th Dept 2009], lv denied 12 NY3d 858 [2009]). We conclude that an instruction on the lesser included offense of manslaughter in the first degree would have improperly directed the jury to "resort to sheer speculation" (People v Butler, 84 NY2d 627, 632 [1994], rearg denied 85 NY2d 858 [1995] [internal quotation marks omitted]; see People v Discala, 45 NY2d 38, 43 [1978]).
We reject defendant's contention that his sentence is unduly harsh and severe. Finally, we have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court